# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-10052-STA |
| | ) | |
| KAYLEN SHOMARI SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## ORDER DENYING DEFENDANT'S REQUESTS FOR JAIL CREDITS
_____

Defendant in this matter has filed four separate pleadings with the Court, all of which appear to relate to the Bureau of Prison's calculations of jail credits: DE #78, filed 11/05/18; DE #79, filed 11/28/18; DE #80, filed 01/28/19, and DE #81, filed 01/28/19. Defendant requests clarification of the amended judgment in his case, stating that the Bureau of Prisons in effect has failed to calculate the correct time for the service of the defendant's jail sentence, and has failed to give him the appropriate jail credits. The Court will construe Defendant's four pleadings as Motions for Jail Credits. For cause, Defendant states that on October 2, 2018, the Court entered an amended judgment sentencing Defendant to "30 months custody of BOP; to be served concurrently with Defendant's violations of probation in Madison County Circuit Court case number 16-522 and Madison County General Sessions Court case number 2016-CR-2430." Defendant alleges he was "to (receive) full jail-credits from March 23, 2017 to December 10, 2017, thus correcting his current release date of February 2, 2020 to an unspecified date in March 2019. Defendant believes the

1

"Court intended for the Bureau of Prisons to credit Smith Nine Months (9mo) that he was serving in federal custody prior to being sentenced . . . ". Defendant requests that the Court clarify its judgment and grant Defendant credit for time served in custody.

Defendant has not cited any rule of the Federal Rules of Criminal Procedure or any other source of authority for the relief he seeks. The commencement and calculation of the term of incarceration of a federal prisoner, including any award of credits, is controlled by 18 U.S.C. § 3585, which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.[1]

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). The determination of whether a defendant is entitled to credit under § 3585 for time served is reserved for the Attorney General of United States and the Bureau of Prisons.[2] Defendant is required to exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a

---

[1] 18 U.S.C. § 3585.
[2] *United States v. Wilson,* 503 U.S. 329, 333 (1992); *see also United States v. Lytle*, No. 13-5769, 2014 WL 1687857 (6th Cir. Apr. 29, 2014) (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)).

decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. §§ 542.10–542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241.[3]

Defendant has not shown that he has pursued his administrative remedies with the BOP as required. Furthermore, even if Defendant had exhausted his administrative remedies, Defendant has not pursued judicial review in the form of a petition for habeas corpus relief under 28 U.S.C. § 2241. Therefore, Defendant's Motion is **DENIED** without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: **3/19/2019**

---

[3] *Wilson,* 503 U.S. at 333.